UNITED STATES of America, Plaintiff—Appellee,

v.

Mariano D. MARTINEZ, aka Chuy, Defendant—Appellant.

No. 02–50313.

D.C. No. CR–99–00083–DOC–03.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2004.

Decided Dec. 29, 2004.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Robert Edward Dugdale, USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before B. FLETCHER, CANBY, and RAWLINSON, Circuit Judges.

MEMORANDUM *

**1.** The government's untimely disclosure of a portion of Mariano Martinez's cell phone records does not warrant reversal of his convictions. There is no reasonable probability that the result of the proceeding would have been different if the government had disclosed the records to the defense before trial. *See Strickler v. Greene,* 527 U.S. 263, 280, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

**2.** The district court properly denied Martinez's motion to dismiss the indictment for "outrageous government conduct." Viewing the evidence in the light most favorable to the government, the district court correctly concluded that the government conduct at issue did not meet the manufactured crime standard. *See*

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*United States v. Gurolla,* 333 F.3d 944, 950 (9th Cir.2003).

■ *3.* The district court also properly denied the motion to suppress the wiretap evidence and the motion for a *Franks* hearing. The district court acted within its discretion when it concluded that the affidavits in support of the wiretap applications met the statutory requirements of necessity and probable cause. *See* 18 U.S.C. § 2518(1)(c), (3)(a)-(d) (2003). The district court did not clearly err when it found that Martinez and his co-defendants failed to make a "substantial preliminary showing" that the affidavits contained any intentional or reckless misrepresentations or omissions. *United States v. Shryock,* 342 F.3d 948, 977 (9th Cir.2003), *cert. denied,* 541 U.S. 965, 124 S.Ct. 1729, 158 L.Ed.2d 411 (2004), *and cert. denied, sub. nom. Therrien v. United States,* 541 U.S. 965, 124 S.Ct. 1736, 158 L.Ed.2d 411 (2004). The district court also properly found that even assuming the affidavits contained intentional misrepresentations and omissions, excising the misrepresentations and including the omissions would not alter the findings of necessity and probable cause. *See Shryock,* 342 F.3d at 977. Thus, a *Franks* hearing was unnecessary.

■ 4. Martinez failed to raise a timely objection to the government's calling of unlisted witnesses. We therefore review for plain error the district court's refusal to grant a new trial based on noncompliance with 18 U.S.C. § 3432. *See* Fed. R.Crim.P. 52(b). The district court did not plainly err in denying Martinez's motion for a new trial because the testimony of the unlisted witnesses was neither surprising nor prejudicial. Thus, the admission of the testimony did not call into question "the fairness, integrity or public reputation" of the trial. *United States v.*

*Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citation omitted).

■ 5. The district court correctly instructed the jury that the racketeering activities need only have a minimal effect on interstate commerce to establish RICO's jurisdictional element. "[A]ll that is required to establish federal jurisdiction in a RICO prosecution is a showing that the individual predicate racketeering acts have a de minimis impact on interstate commerce." *Shryock,* 342 F.3d at 984 (citation omitted).

**AFFIRMED.**